**In re Connie Lee GLOVER, Debtor.**

**Bankruptcy No. 385–00076.**

United States Bankruptcy Court,
D. Oregon.

June 12, 1985.

David F. Cargo, Portland, Or., for creditor, Edgar Glover, Jr.

Magar E. Magar, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The above chapter 13 case was filed by the debtor on January 25, 1985. At the hearing upon confirmation of the debtor's plan on March 6, 1985, a creditor, Edgar Glover, Jr., appeared through his attorney, David F. Cargo, and objected to the confirmation on the ground that this case was filed within 180 days of the dismissal of an earlier chapter 13 case filed by the debtor.

The debtor appeared by her attorney, Magar E. Magar.

The records of the court show that on April 10, 1984, the debtor filed a chapter 13 case in this court. This case carries the case number of 384–01177. On June 7, 1984 the court entered an order confirming the debtor's plan which required the debtor to make monthly payments to the trustee of $340 until the unsecured claims were paid dividends of 45%. On October 10, 1984, the trustee filed a motion to dismiss the case on the ground that the debtor had failed to make the required monthly payments. The debtor failed to request a hearing upon the motion. The court was informed that during the life of the plan the debtor made only one payment to the trustee, that being a payment of $170 paid to the trustee on July 18, 1984. On November 10, 1984 an order was entered dismissing case number 384–01177.

Thereafter on January 25, 1985 the debtor filed the present chapter 13 case which is case number 385–00076. Edgar Glover, Jr., a creditor, filed a motion rejecting the plan on the ground that the present case was filed within 180 days of the dismissal of the earlier case in contravention of 11 U.S.C. § 109(f). The court has treated this motion as a motion to dismiss the present case.

11 U.S.C. § 109(f) provides:

Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

There having been no request for relief from the automatic stay in the earlier case, only subsection (1) of 109(f) is here applicable.

Subsection (1) provides two separate grounds. The first is for "willful failure of the debtors to abide by orders of the court". The second is for failure "to appear before the court in proper prosecution of the case."

The present case cannot be dismissed upon the first ground solely upon the basis of the record in the earlier case because no finding was made that the failure of the debtor to make payments was willful. It may have been that the failure of the debtor to make payments was due to a change of circumstance which made it impossible for the debtor to complete the plan.

Whether the second ground of subsection (1) would be a ground for dismissal depends upon what is meant by the term failure "to appear before the court in proper prosecution of the case."

The Bankruptcy Code contains several provisions applicable to chapter 13 which are not applicable to cases under chapter 7, the obvious purpose of which are to encourage the use of chapter 13 by prospective debtors. In chapter 13 the debtor may protect a co-debtor through the stay provided by § 1301; the debtor may discharge debts which would not be dischargeable in a case under chapter 7 [§ 1328(a) ]; the debtor may cure defaults and maintain payments on the debtor's principle residence [§ 1322(b)(2), (3) and (5) ]; the debtor may modify the rights of holders of secured claims [§ 1322(b)(2) ]; and, unlike a chapter 7 case, the debtor may, unless the case was originally commenced under chapter 7, at any time prior to conversion to chapter 7 voluntarily dismiss the chapter 13 case [§ 1307(b) ]. The debtor may utilize a period of 3 years, or upon cause shown a period of 5 years, to accomplish the purposes of the plan [§ 1322(c) ]. The reason for encouraging the use of chapter 13 cases by debtors is that unsecured creditors will receive at least as much as would be received in a chapter 7 case [§ 1325(a)(4) ] and generally will receive more because of the requirement that the plan be filed in

good faith, which most courts have held to require that the plan represent a reasonable effort on the part of debtor to pay his or her debts. 11 U.S.C. § 1325(a)(3). Since chapter 13 is generally more beneficial to debtors and creditors the court should be reluctant to interpret a statute which is unclear in its meaning in such a manner that would not coincide with encouragement of the use of chapter 13.

It might be argued that the failure of this debtor in the earlier case to request a hearing upon the trustee's motion to dismiss for failure to make payments under the plan constituted a failure of the debtor to appear before the court in proper prosecution of the case. On the other hand it could be argued, as did the debtor in this case, that failure to request a hearing was tantamount to a consent to dismissal or a voluntary dismissal. Subsequent to the filing of the trustee's motion to dismiss, the debtor could have filed a motion to voluntarily dismiss the case. Had the debtor done so then the second ground of § 109(f)(1) would clearly have been inapplicable to the present case. At the time of the filing of the trustee's motion to dismiss, the debtor, because of a change of circumstances, may have been unable to make the payments called for by the plan. It would not seem to make economic sense to require the debtor to incur the legal expense involved in the filing of a motion to dismiss when, without action by the debtor, the case would be dismissed upon the trustee's motion. The court therefore holds that failure of the debtor to resist the trustee's motion is not a failure to prosecute for the purpose of § 109(f). While, on the present record, it would not be appropriate for the court to dismiss the present case, it may be that the creditor will wish to present evidence to the court that the failure of the debtor to make payments was not due to an inability to make payments but rather a willful failure to abide by the order of the court contained in the order of confirmation. The court will therefore grant Edgar Glover, Jr. a period of time within which to request a further hearing upon his motion. If no such request is made the court will schedule an adjourned confirmation hearing at which Mr. Glover may present any other objections he may have to confirmation of the plan in the present case.