**In the Matter of Estela INESTA QUINONES, Debtor.**

**Bankruptcy No. B–86–02189(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

April 6, 1987.

Antonio González Geigel, Hato Rey, P.R., for debtor.

Enrique N. Vélez Colón, Montanez & Alicea, Hato Rey, P.R., for creditor (Vicente Font Zelinsky).

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On November 21, 1986 the debtor herein commenced the instant case by filing a petition under chapter 11 of Title 11, United States Code. Shortly thereafter, on December 10, 1986, Mr. Vicente Font Zelinsky filed a motion to dismiss and a motion requesting transfer of modification of automatic stay afforded by section 362 and order authorizing sale of real property and for expedited hearing. The motion to dismiss was scheduled for a hearing to be held on February 4, 1987. The motion to transfer modification of stay was granted on December 12, 1987, without a hearing. On December 19, 1987 the debtor filed a motion praying for the reconsideration of our ex parte order and for an opportunity to present evidence. By order dated December 30, 1986 the court vacated modification of stay order and scheduled the matter for February 4, 1987. Both motions, the motion to dismiss and the motion to transfer were heard on February 4, 1987.

The parties having been heard and having filed post hearing memoranda, the court now enters the following findings of fact and conclusions of law:

### Issues

The basic issues before this court are whether the present case should be dismissed pursuant to 11 U.S.C. 109(f) for having filed a petition within 180 days of the dismissal of a prior petition and wheth-

er the order lifting the automatic stay in a prior petition may be transferred to the present case.

### Findings of Fact

1. A complaint was filed on July 10, 1981 in the Superior Court of Puerto Rico, San Juan Part, Case No. 81–3499, by Vicente Font Zelinsky, his wife Irma Aponte de Font and the conjugal partnership which they constitute against Estela Iñesta Quiñones.

2. On November 24, 1982 judgment was entered in favor of Vicente Font Zelinsky and against Estela Iñesta Quiñones finding that Estela Iñesta Quiñones was obligated to sell certain property to Vicente Font Zelinsky.

3. On December 28, 1982 Estela Iñesta Quiñones filed a request for revision in the Supreme Court of Puerto Rico.

4. On March 8, 1983 the Supreme Court of Puerto Rico entered judgment affirming the Judgment previously entered by the Superior Court of Puerto Rico.

5. On March 2, 1983 Estela Iñesta Quiñones filed a petition under chapter 13, Title 11, United States Code, case number 83–00318(B).

6. On January 19, 1984 the Bankruptcy Court dismissed case number 83–00318 for debtor's failure to attend the confirmation hearing.

7. On March 6, 1984 Vicente Font Zelinsky requested from the Superior Court of Puerto Rico, San Juan Part, in case number 81–3499, to issue an Order requesting the execution of the Judgment and compelling Estela Iñesta Quiñones to appear and execute the Deed transfering the property to Vicente Font Zelinsky.

8. On April 23, 1984 the Superior Court issued an Order in case number 81–3499 ordering Estela Iñesta Quiñones to appear and sign the public deed traspassing the property to Vicente Font Zelinsky and, if Estela Iñesta Quiñones did not appear then the Marshal of the Court should sign said deed on May 1, 1984.

9. On April 16, 1984 Estela Iñesta Quiñones filed a second petition under Chapter 13, case number 84–00442(B).

10. On June 12, 1984 Vicente Font Zelinsky filed a "Motion Seeking Relief from the Automatic Stay and Judgment Execution" in case number 84–00442(B), Index C.

11. On August 20, 1985 the Court granted relief from the automatic stay with respect to civil case number 81–3499(901) before the Superior Court of Puerto Rico, San Juan Section.

12. On September 13, 1985 Estela Iñesta Quiñones filed a Notice of Appeal to United States District Court for the District of Puerto Rico, Case Number 86–0497(PG).

13. On June 12, 1986 the Honorable Chief U.S. District Judge Juan M. Perez Gimenez issued an "Opinion and Order" dismissing the appeal and affirming the Bankruptcy Court Order.

14. An appeal was taken to the United States Court of Appeals for the First Circuit, Case number 86–1670.

15. On October 10, 1986 the Bankruptcy Court through United States Bankruptcy Judge Frederick A. Johnson issued an Order dismissing Bankruptcy case number 84–00442 due to debtor's failure to make the payments required by her confirmed chapter 13 plan. The reason for her failure to make payments was her financial condition.

16. On November 14, 1986 an Order was issued by the Superior Court of Puerto Rico, San Juan Part in case number 81–3499 ordering Estela Iñesta Quiñones to appear on November 26, 1986 at 2:00 p.m. to sign the deed transfering the property to Vicente Font and, in if she did not appear, that the Marshal of the Court appear on November 28, 1986 at 3:00 p.m. to sign the deed.

17. On November 21, 1986 Estela Iñesta Quiñones filed a third petition under Chapter 11 of the Bankruptcy Code, case number 86–02189(ESL), that is, the present case.

*Conclusions of Law*

### I. *Dismissal Under Section 109*

In this case the court is called upon to rule on the tension generated by the automatic stay provisions of 11 U.S.C. 362 and 11 U.S.C. 109(f), now 109(g) as per the October 27, 1986 amendments, which codifies the congressional intent of preventing the abuse of the bankruptcy process through successive filings.

■ Section 109(g) of Title 11, provides that:

"(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

At the outset we must state that section 109 sets forth who may be a debtor under title 11. The applicability of section 109(f) is jurisdictional, mandatory, and allows no discretion to the court. *In re Smith*, 58 B.R. 603 (W.D.Pa.1986). If the facts come within its purview the court must dismiss the case as it is "not free to tamper with the statute." *In re Denson*, 56 B.R. 543 (Bankr, N.D.Ala.1986).

The facts of this case make section 109(g)(2) clearly inapplicable because the debtor did not request a voluntary dismissal. We are thus left with Section 109(g)(1) which contains two separate grounds for dismissal. First the willful failure to obey the orders of the court; and, second, the failure to appear in proper prosecution of the case. *In re Glover*, 53 B.R. 14, 15 (Bankr.Ore.1985).

In the prior petition (84–00442) the reason for the dismissal was debtor's failure to make the payments according to the confirmed chapter 13 plan and not the failure to appear at a scheduled hearing, as was the case when the court dismissed debtor's first petition (83–00318). Therefore, the applicability of section 109(f)(1) hinges on whether debtor's failure to make the payments was a "willful" violation of a court order.

The Bankruptcy Code does not define what is a "willful" failure to abide the orders of the court. Consequently, the courts have gone to the context of section 523(a)(6) which excepts from discharge "willful and malicious" injury. In so doing the courts have determined that "willful" means conduct which is deliberate and intentional. As stated by the court in *In re Correa*, 58 B.R. 88, 89 (Bankr.N.D.Ill.1986):

"... debtor's conduct is willful within the meaning of § 109(f)(1) when it is intentional, knowing, and voluntary, as opposed to conduct which is accidental or beyond the person's control ... A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated plain indifference".

See also *In re Fulton*, 52 B.R. 627, 633 (Bankr.Utah 1985).

At the hearing the movant relied upon the admitted facts that the debtor had filed the instant case within 180 days from the dismissal of the prior case and that the reason for such dismissal was the debtor's failure to make payments. Debtor respondent testified that the reason for her nonpayment was that she underwent financial difficulties and it was impossible for her to meet the monthly payments.

■ A party moving for dismissal under 109(f)(1) has the burden of introducing evidence to support its averment. *In re Key*, 58 B.R. 59, 60 (Bankr.E.D.Pa.1986). There was no evidence presented to establish that debtor's failure was willful in the sense of being a deliberate and intentional failure. Or the contrary, it was established that making payments was beyond her control on account of her financial condition. Mere failure to make payments cannot be

deemed to be a *willful* failure to make payments. *In re Glover*, 53 B.R. 14 (Bankr.Ore.1985).

Because no evidence was before the court to establish the "willful" element, the motion to dismiss pursuant to 109(f) must be denied. *In re Key, supra.*

II. *Motion to Transfer Modification Stay to the Present Case*

The movant, Mr. Vicente Font Zelinsky, prays that the order modifying the stay entered on August 25, 1985 in case number 84–00442 be transferred to the present case on the grounds that the instant Chapter 11 petition was not filed in good faith.

The reason why the debtor filed the instant petition are best summarized in the post hearing memoranda filed by debtor's attorney. It is stated therein that:

"Upon the advice of her undersigned attorney, therefore, rather than appeal the order of dismissal she filed under Chapter 11, a chapter of the code which, although more complicated than Chapter 13, does not require commencement of monthly payments immediately or almost immediately upon filing, and which affords an opportunity for debtors who cannot make regular payments to submit a plan funded in some other, more imaginative fashion.

Debtor has even gone as far as to first assume and later concede that the automatic stay ruling entered in the previous case is applicable to the present case if this court finds itself bound by the District Court's confirmation of the order entered by the presiding judge in the previous case, and has further announced its intention to have the issue reach the Circuit without going through the District. There is no intention to delay.

It is thus clear from the record that the debtor has acted in utmost good faith, and not with the intent to circumvent or abuse any of the provisions of the Bankruptcy Code."

The avenue for a creditor that wants to pursue an action against the debtor or debtor's estate are found in § 362(d), which states that:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

Movant herein wants to lift the stay for cause, that is, on the grounds that the petition was filed in bad faith.

The basic policy behind a Chapter 11 petition is to permit the debtor to successfully rehabilitate itself. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984); *In re Corporacion de Servicios Medico Hospitalarios de Fajardo*, 805 F.2d 440, 446 (1st Cir.1986). Such a purpose must be pursued in good faith, that is, for the rehabilitation of the debtor. Lack of good faith may constitute cause for the dismissal of the petition 1112(b), as well as cause to lift the stay under 362(d)(1). *In re Coastal Cable T.V. Inc.*, 709 F.2d 762 (1st Cir.1983); *Furness v. Lilienfield*, 35 B.R. 1006 (Bankr.D.Md.1983).

The facts in this case clearly indicate that the main purpose underlying the filing of the instant petition was to invoke the automatic stay provisions of 11 U.S.C. § 362(a), and not for the purpose of rehabilitation, as the debtor admittedly cannot make regular payments. A petition filed to delay a particular creditor and not for the purpose of rehabilitation is not filed in good faith. *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir. 1986); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531 (Bankr.W.D. Tenn.1986). Good faith filing within the Bankruptcy Code context means filing for the purpose of rehabilitation and does not

**338**

necessarily connote dishonesty or fraud. The court finds that the debtor made an honest attempt to prevail on a legal issue. However, to file a subsequent petition to have a third opportunity at a legal issue is a misuse of the bankruptcy remedies. *In re American Property Corp.*, 44 B.R. 180 (Bankr.M.D.Fla.1984). The subsequent filings of bankruptcy petitions merely to invoke the automatic stay provisions of 11 U.S.C. § 362 without a clear showing of changed circumstances is an abuse of the bankruptcy process. *In re Dyke*, 58 B.R. 714 (Bankr.N.D.Ill.1986).

■ Movant has relied on the decision in *Norton v. Hoxie State Bank*, 61 B.R. 258, 260–261 (D.Kan.1986) wherein the district court held that the bankruptcy court may properly exercise its discretion to continue the relief from stay to protect a financial institution who has continued with state remedies relying on and pursuant to an order lifting the stay in a previous case. We agree. Particularly under the facts of this case which have drawn the parties on the same basic issue to the Supreme Court of Puerto Rico and the First Circuit Court of Appeals.

This court is aware of the decision in *In re Jefferson*, 59 B.R. 707 (Bankr.S.D.Miss. 1986) wherein the court determined that *res judicata* precludes a stay violation in a subsequent filing. The court held that a creditor is not stayed from foreclosing debtor's property when the automatic stay had been lifted in favor of said creditor in a prior bankruptcy petition. Although we concur with the results reached in *In re Jefferson*, this court is of the opinion that the automatic stay does come into play.

[12] An order lifting the stay in a case may constitute *res judicata* on a subsequent filing and may constitute "cause" under 11 U.S.C. § 362(d)(1). Once the court decides the stay issue in a bankruptcy case the decision precludes relitigation in a subsequent case. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 814 F.2d 844, (1st Cir.1987) *Futura Development Corp. v. Centex Corp.*, 761 F.2d 33, 42 (1st Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985). *Fi-*

*umara v. Fireman's Fund Ins. Companies*, 746 F.2d 87, 91–92 (1st Cir.1984). Since the issue was decided in the previous petition the same may not be relitigated in the present case. Accordingly, there is cause to lift the stay.

In view of the foregoing the automatic stay is hereby lifted to allow the parties to continue with their respective actions before the state and before the First Circuit Court of Appeals.

### III. *Dismissal—Bad Faith*

■ We have concluded that the instant petition was not filed in good faith. Also, the debtor admits not to have a reasonable likelihood of rehabilitation. These are grounds for dismissal under 11 U.S.C. § 1112(b). Consequently, the instant case is hereby dismissed.

### *Conclusion*

1. The automatic stay is hereby lifted to allow movant to continue proceedings before the state court.

2. The instant case is hereby dismissed. The order lifting stay shall remain in full force and effect.

IT IS SO ORDERED.