**In re Carmelo Fontanez ESTRELLA, Debtor.**

No. 00–06737 [ESL].

United States Bankruptcy Court, D. Puerto Rico.

Dec. 7, 2000.

Jose E. Colón, Cesar Gonzalez Avenue, Hato Rey, PR, for the movant, Popular Finance.

Francisco J. Ramos, Puerto Real, PR, for debtor.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Bankruptcy Judge.

This case is before the court upon the motion to dismiss the petition pursuant to Section 109[g][1] of the Bankruptcy Code filed by Popular Finance Corporation [Popular]. Popular alleges that section 109[g][1] bars debtor from filing the instant case as their prior filing, case number 00–02589[ESL], was dismissed for failure to appear at the 341 meeting and to make payments to the Chapter 13 trustee as proposed in the Chapter 13 plan. Debtor has opposed the motion alleging that the dismissal of the prior petition did not include a finding of willful failure to abide by the orders of the court, that the motion is barred by laches, and that the confirmed plan is res judicata to all justiciable issues that were or could have been decided at the confirmation hearing.

More than ten years have elapsed since this Court was faced with the issue of dismissing a petition under 11 U.S.C. § 109[g] because the same was filed within 180 days from a prior dismissal premised on failure to appear at a scheduled hearing and failure to make payments according to a Chapter 13 plan. See *In the matter of Iñesta Quiñones*, 73 B.R. 333 [Bankr. D.P.R.1987]. This Court has in practice modified some of the views expressed in said opinion and now avows itself of this opportunity to write an opinion to guide practitioners appearing before it. Specifically, the court has modified its views that section 109[g] is jurisdictional, has clarified the allocation of the burden of proof, and now qualifies the statement that the section is mandatory and allows for no exceptions. The court further addresses the binding effect that a confirmed chapter 13 plan has on the relation between a debtor and a creditor provided for in the plan and that subsequently moves for dismissal under section 109[g][1].

## FACTS

The factual background to this contested matter is undisputed and is summarized as follows:

Carmelo Fontanez Estrella [Fontanez] filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 7, 2000. The Chapter 13 trustee moved for dismissal because Fontanez failed to appear at the

341 meeting of creditors and failed to make any payments under the Chapter 13 plan. The court entered judgment dismissing the case on April 13, 2000. On June 9, 2000, Fontanez filed the instant petition under Chapter 13 of the Bankruptcy Code. On August 14, 2000, the court confirmed the Chapter 13 plan, as orally amended at the confirmation hearing to increase the base to $23,112.00, provide for the curing of arrears to Doral Financial Corp. [$3,181.36] and to Popular Finance [$7,390.97]. There were no objections filed to the confirmation, no creditors appeared at the confirmation hearing, and the Chapter 13 trustee recommended confirmation of the plan as orally amended.

## DISCUSSION

### Section 109[g][1]

Section 109[g][1] provides that:

*"Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-*

*(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or appear in proper prosecution of the case; or ... "*

■ Motions to dismiss a petition are a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure, and a core proceeding under 28 U.S.C. § 157[b][2][A], [O], 1334. Section 109 of the Bankruptcy Code establishes the eligibility of a debtor to file a bankruptcy petition, but does not determine the jurisdiction of the bankruptcy court to act. The jurisdiction of the bankruptcy courts is prescribed in 28 U.S.C. § 1334 and limited by 28 U.S.C. § 157. *In re Duncan*, 182 B.R. 156, 158 [Bankr.W.D.Va.1995]; see generally 1 *Collier on Bankruptcy*, 15th Ed., ¶ 3.01 and ¶ 3.02.

■ Section 109[g] was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 to prevent abusive tactics by debtors that intend to frustrate creditors' efforts to recover what is owed to them. The issue arises when a subsequent petition is filed within 180 days from the prior dismissal. 2 *Collier on Bankruptcy*, 15th Ed., ¶ 109.08, page 109–48. There is no need to enter a specific finding of willfulness in order for section 109[g] to become operative. There is no issue until a party in interest moves for dismissal for lack of eligibility under § 109[g][1]. *In re Montgomery*, 37 F.3d 413, 415 [8th Cir. 1994]. There are no specified time limits within which to file a motion to dismiss. Therefore, a motion to dismiss filed before the case is closed, including one contesting the eligibility to be a debtor under a case, is not barred by laches. Should the court make a finding that subsection one [1] or two [2] of section 109[g] is applicable, the dismissal of the petition is mandatory, unless there are legal or extraordinary circumstances warranting a different conclusion. 1 *Norton Bankruptcy Law and Practice 2d*, § 18:14, page 18–56. See *In re Kuntz*, 233 B.R. 580 [1st Cir. BAP 1999] interpreting the "mandatory" provision in 11 U.S.C. § 706[a].

■ As in *In the matter of Iñesta Quiñones*, a key issue is to determine whether failure to appear at the 341 meeting and to make payments to the Chapter 13 trustee constitute "willful" failure to abide by the orders of the court or to appear in proper prosecution of the case. This court construes the term willful as conduct which is intentional, knowing and voluntary. A willful failure requires a finding that the person, with notice of the responsibility to act, intentionally disregarded it or demonstrated plain indifference. *In the matter of Iñesta Quiñones*, 73 B.R. 336. Generally, a party moving for dismissal has the burden of proof to present evidence in support of its averments. 2 *Collier on Bankruptcy*, 15th Ed., ¶ 109.08, page 109–49. A moving party that relies in section 109[g][1] and avers failure to appear at a hearing and/or

make payments to the Chapter 13 trustee [facts that are readily ascertainable from the prior case's record or docket sheet] makes a prima facie case and the burden then shifts to the debtor to establish eligibility to file a petition because its failure to appear at a hearing and/or make payments to the Chapter 13 trustee were not willful. *In re Montgomery*, 37 F.3d at 415. A well-plead and supported motion to dismiss under section 109[g][1] may be granted without an actual hearing if the debtor fails to oppose the same, when the moving party has made a prima facie case, and the court can infer that the failure to appear at a hearing and make the required payment was willful. In this case the debtor has filed an opposition and has not been afforded an opportunity to present evidence that his actions were not willful. This court is reluctant to make a finding of willfulness without a hearing when the debtor has opposed the motion to dismiss under section 109[g][1]. *In the matter of Iñesta Quiñones*, 73 B.R. 337, *In re Dodge*, 86 B.R. 535, 536 [Bankr.S.D.Ohio 1988]. This situation contrast with the one before the court in *Iñesta Quiñones* wherein the debtor appeared and established that her failure to make the payments and appear at the hearing were not willful. Thus, generally, a hearing must be scheduled for the debtor to meet his burden to persuade the court by a preponderance of the evidence that the failure to appear and make payments was not willful. 2 *Collier on Bankruptcy*, 15th Ed., ¶ 109.08, page 109–49.

### Binding effect of the Chapter 13 Plan

This case presents an issue not litigated in *Iñesta Quiñones;* that is, the creditor [Popular] moved for dismissal under section 109[g][1] after the order confirming the Chapter 13 plan was final. Popular received notice of the confirmation hearing and did not appear to object to the confirmation of the plan which specifically considers payment in full of Popular's claim. The court must now determine if the mo-

tion by Popular is barred by the res judicata effect of the confirmed plan.

Generally, an order confirming a Chapter 13 plan is res judicata as to all justiciable issues that were or could have been raised at the confirmation hearing. *In re Zimble*, 47 B.R. 639 [Bankr.D.R.I. 1985]; *In re Echevarria*, 212 B.R. 185, 188 [1st Cir. BAP 1997], aff'd. 141 F.3d 1149 [1st Cir.1998]; *In re Andersen*, 179 F.3d 1253 [10th Cir.1999]; *In re York*, 250 B.R. 842 [Bankr.D.Del. July 25, 2000, as amended August 16, 2000]; *In re Cruz*, 253 B.R. 638 [Bankr.D.N.J.2000]; *In re Skinner*, 238 B.R. 120 [Bankr.M.D.Tenn.1999]. The confirmation order is res judicata as to eligibility issues. *In re Jones*, 134 B.R. 274, 277 [Bankr.N.D.Ill.1991]. The binding effect of a confirmed Chapter 13 plan is essential to provide finality to the confirmation process. *In re Starling*, 251 B.R. 908 [Bankr.S.D.Fla.2000]. Once the confirmation order becomes final it may not be subject to collateral attack. *In re Goos*, 253 B.R. 416 [Bankr.W.D.Mich.2000]; *In re Talbot*, 124 F.3d 1201 [10th Cir.1997].

Since Popular received notice of the confirmation hearing, failed to object the plan, and to appeal the confirmed order, it may not now collaterally attack the confirmation process on the ground that the debtor was ineligible to file under section 109[g][1] of the Bankruptcy Code. Specially when its claim is provided for in the plan and will be paid in full.

This court is conscious that several exceptions have been carved to the binding effect of a confirmed Chapter 13 plan. These concern due process issues arising from due notice, the claim objection/adjudication process, and issues which should have been presented as an adversary proceeding. These exceptions are not considered in this opinion and are left for adjudication in the appropriate case. For a good summary of these exceptions you may refer to 5 *Norton Bankr.L. & Prac.*2d § 122:12; and Lundin, *Chapter 13 Bankruptcy*, Second Edition, Volume 2, § 6.09

[Binding Effect] and § 6.10 [Limitations on Binding Effect].

## CONCLUSION

In view of the foregoing, Popular's motion to dismiss under 11 U.S.C. § 109[g][1] is hereby denied as the same is barred by the res judicata effect of the confirmed chapter 13 plan.

IT IS SO ORDERED.