**In re Olen W. (William) DODGE, Debtor.**

**Bankruptcy No. 2-88-00760.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 24, 1988.

Mitchel D. Cohen, Columbus, for debtor.

James C. Lewis, III, Columbus, for Bank One, Columbus, N.A.

Frank M. Pees, Chapter 13 Trustee.

## ORDER DENYING OBJECTION TO CONFIRMATION AND MOTION TO DISMISS

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon an Objection to Confirmation ("Objection")

filed by Bank One, Columbus, N.A. ("Bank One"). The matter was heard by the Court on May 10, 1988 and taken under advisement. The parties were invited, but have chosen not to, file post-hearing briefs.

The Court has jurisdiction of this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), and (b)(2)(A).

Olen W. Dodge ("Debtor") filed a petition under the provisions of Chapter 13 of the Bankruptcy Code on February 16, 1988. His plan, also filed on February 16, proposes monthly payments of $300 for 54 months and provides a dividend to unsecured claims of 70%. Bank One's claim is listed in the schedules in the amount of $9,758, secured by a 1984 Volkswagen Jetta automobile; however, Bank One's proof of claim, filed March 16, is in the amount of $10,128. The fair market value of the Volkswagen is claimed therein as $8,000.

The first meeting of creditors required by 11 U.S.C. §§ 341, 343 was held on March 23, 1988. Following the meeting of creditors, the trustee filed a favorable report, recommending confirmation of the proposed plan if the Debtor submitted proof of insurance on the Volkswagen and a 1979 Toyota. The trustee's report calculates that the plan will take 58 months to complete and pay a dividend of 70%. The official court file further reflects that the trustee, counsel for Debtor and Bank One entered into a written stipulation as to the value of the Volkswagen which secures Bank One's loan, pursuant to which they agreed it has a fair market value of $5,100. On April 9, 1988, Debtor's counsel filed Debtor's verification of insurance on the Volkswagen.

On April 27, 1988, Bank One filed the Objection and a motion to dismiss ("Motion"). Although no hearing date has been set on the Motion, the Court hereby disposes of it without a hearing or oral argument pursuant to LBR 5.10. Both the Objection and the Motion assert that § 109(g) of the Bankruptcy Code renders the Debtor ineligible for relief under the Code on the ground that Debtor's previous Chapter 13 case was dismissed for want of prosecution. It is, therefore, appropriate to dispose of the Objection and Motion together.

11 U.S.C. § 109(g) specifies who may be a debtor under the Code and provides as follows:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Because Debtor's previous case was dismissed within the 180 days preceding the filing of this case, on the basis of Debtor's failure to attend a first meeting of creditors and failure to tender the payment required by 11 U.S.C. § 1326(a) prior to conclusion of the meeting of creditors, Bank One contends that Debtor is ineligible to seek the protection and benefits of this Court at this time. Accordingly, Bank One claims that 11 U.S.C. § 1325(a)(1) bars confirmation of the plan because it violates 11 U.S.C. § 109(g) of the Bankruptcy Code.

Bank One claims that the Debtor's failure to attend the § 341 meeting constitutes the type of conduct described by 11 U.S.C. § 109(g)(1), *i.e.*, failure to appear before the court in proper prosecution of the case, as opposed to the type of conduct described in the first part of the sentence, *i.e.*, willful failure to abide by orders of the court. A number of courts have confronted this issue and have, almost uniformly, concluded that a § 341 meeting of creditors is not before, and indeed must be conducted out of the presence of, the court; hence, attendance at such a meeting is not properly characterized as an appearance "before the court," even if attendance is necessary to properly prosecute one's bankruptcy case.

However, attendance at the hearing is necessary if the debtor is to complete all the steps of a bankruptcy case, and hence it seems logical to consider non-attendance as a failure to abide by an order of the court. *In re Arena*, 16 B.C.D. 1303, 1305, 81 B.R. 851 (Bankr.E.D.Pa.1988); *In re Correa*, 58 B.R. 88, 91 (Bankr.N.D.Ill.1986); *In re Fulton*, 52 B.R. 627, 631–32 (Bankr.D.Utah 1985); and *In re Nelkovski*, 46 B.R. 542, 544–45 (Bankr.N.D.Ill.1985).

It is, therefore, the Court's determination that failure to appear for a meeting of creditors and submit the payment required by 11 U.S.C. § 1326(a) is a failure to abide by a court order. Therefore, Bank One's assertion that the Debtor's failure to attend the creditors' meeting and make the required payment requires a finding on our part that the Debtor's conduct was "willful." Even if the Debtor's non-attendance at the meeting of creditors and failure to make the first payment fell only within the second category of conduct described in § 109(g)(1), it is nevertheless, this Court's opinion that a finding of willfulness would be a prerequisite to support dismissal. *See, In re Lewis*, 67 B.R. 274, 276 (Bankr. E.D.Tenn.1986); *In re Surace*, 52 B.R. 868, 871 (Bankr.C.D.Calif.1985); and *In re Nelkovski*, 46 B.R. at 544–45.

There is no evidence in the record to suggest that the Debtor's failure to attend a meeting of creditors or make the first statutory payment was willful. Further, we are unwilling to impute deliberate or willful conduct based upon the dismissal of his prior case. Courts have been reluctant to attribute willfulness to the failure of a Debtor to make payments, thereby resulting in a dismissal pursuant to § 109(g)(1). *See, In re Inesta Quinones*, 73 B.R. 333, 336–37 (Bankr.D.P.R.1987); *In re Glover*, 53 B.R. 14, 16 (Bankr.D.Ore.1985); and *In re Morris*, 49 B.R. 123, 134 (Bankr.W.D. Ky.1985). Therefore, the mere fact that the Debtor did not attend a meeting of creditors or make a required payment is not, standing alone, a willful failure to abide by an order of this Court.

Based upon the foregoing, the Court hereby DENIES the Objection and the Motion.

IT IS SO ORDERED.