In re Peter S. **PAPPALARDO** and Jane P. **Pappalardo, Debtors.**

**Bankruptcy No. 89 B 20666.**

United States Bankruptcy Court, S.D. New York.

Jan. 29, 1990.

---

Fink, Weinberger, Fredman, Berman, Lowell & Fensterheim, P.C., White Plains, N.Y., for Alliance Funding Co.

Barr and Faerber, Spring Valley, N.Y., for debtors.

## DECISION ON ORDER TO SHOW CAUSE FOR ORDER NULLIFYING AUTOMATIC STAY

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 13 debtors, Peter S. Pappalardo and his wife, Jane P. Pappalardo ("debtors"), oppose the motion by Alliance Funding Company ("Alliance"), which seeks to annul the automatic stay under 11 U.S.C. § 362 so as to validate its mortgage foreclosure sale which took place approximately 24 minutes after the debtors filed their second Chapter 13 case with this court on October 19, 1989. The debtor, Peter S. Pappalardo, argues that he did not intentionally fail to prosecute his prior Chapter 13 cases and that the filing of this Chapter 13 case within 180 days from the dismissal of his previous Chapter 13 case by this court should not bar him from being an eligible debtor, as proscribed under 11 U.S.C. § 109(g)(1).

### FINDINGS OF FACT

1. The debtor first filed a Chapter 13 petition under the Bankruptcy Code in the Bankruptcy Court for the District of New Jersey in 1985. He voluntarily withdrew the petition after he refinanced his home in Suffern, New York. As a result of the refinancing, he entered into a mortgage with Alliance, which now holds a second mortgage of approximately $247,000.00, which is subject and subordinate to a first mortgage held by Eastchester Savings Bank for approximately $41,000.00. There is also a third mortgage on the property.

2. On August 6, 1987, the debtors filed a second bankruptcy petition in the Bankruptcy Court for the District of New Jersey. That case was dismissed by order dated December 17, 1987, upon motion of the trustee. The debtors did not appear at the meeting of creditors called for pursuant to 11 U.S.C. § 341(a). Mr. Pappalardo testified that he did not appear at the § 341(a) meeting because his then attorney advised him that it was inappropriate to file a Chapter 13 case in New Jersey as he did not reside there and no longer maintained an office in New Jersey.

3. Thereafter, Alliance obtained a judgment of foreclosure on March 8, 1989, in the New York Supreme Court, Rockland County. Alliance scheduled a sale to take place on April 26, 1989, at 9:30 A.M.

4. On the morning of the sale, April 26, 1989, at 9:05 A.M., the debtors filed their third petition for relief under Chapter 13 of the Bankruptcy Code. The petition was filed with this court, *pro se*, and notice of the filing was immediately given to Alliance, with the result that the sale was not held.

5. The debtors failed to appear at the § 341(a) meeting of creditors and failed to make any payments under their plan as required under 11 U.S.C. § 1326(a)(1). Accordingly, the standing Chapter 13 trustee moved to dismiss the debtors' petition. Mr. Pappalardo did not appear in court to oppose the trustee's motion and it was granted, with the result that the Chapter 13 case was dismissed pursuant to an order entered by this court on August 11, 1989.

6. In his affidavit in this case, Mr. Pappalardo stated that: "Although I was aware that the motion to dismiss was pending, I believed that the request of the standing Chapter 13 (sic) was automatic and there was no need or benefit in my appearing."

7. In reliance upon the dismissal of the debtors' third Chapter 13 case, Alliance rescheduled its foreclosure sale for October 19, 1989 at 9:30 A.M. The sale took place as scheduled with Alliance bidding in its mortgage as the successful bidder.

8. However, Alliance did not know that the debtors filed a fourth bankruptcy petition (which was the second petition that the debtors filed with this court) on the morning of the sale on October 19, 1989 at 9:06 A.M., 24 minutes before the sale was scheduled to take place. Upon receipt of notice of the instant Chapter 13 case, Alliance halted any further activity affecting the disposition of the foreclosed premises.

9. The instant Chapter 13 case was filed within 180 days of the dismissal of the debtors' previous Chapter 13 case, wherein they failed to appear at the § 341(a) meeting or make any payments under their plan.

10. Since the filing of the instant Chapter 13 case, the debtor, Peter S. Pappalardo, has attended the § 341(a) meeting. He has also made two payments to the United States trustee for the months of November and December, as directed by this court when the debtor last appeared in court *pro se* in December of 1989. Until then, they had not made any payments as required by 11 U.S.C. § 1326(a)(1). The debtors have also retained counsel to advise them in their Chapter 13 case and state that they are now prepared to make regular monthly payments as required.

11. Peter S. Pappalardo, who had previously been a physician and surgeon, testified that he did not understand the notice issued by the Clerk of the Court following the filing of the previous Chapter 13 case on April 26, 1989. He said that the notice was confusing and that he did not know that he had to attend the § 341(a) meeting, which was scheduled for June 29, 1989 at 2:00 P.M., although the notice states: "the debtor shall appear in person at that time and place for the purpose of being examined." The debtor testified that he did not believe that he had to appear in court until September 18, 1989, which was the date listed in the middle of the Clerk's notice as the hearing on confirmation of the Chapter 13 plan.

12. The court finds this explanation for not attending the scheduled § 341(a) meeting of creditors on June 20, 1989 to be incredulous. Having filed two previous Chapter 13 cases, in which the debtors were represented by counsel, and having sufficient sophistication to read English, as evidenced by Mr. Pappalardo's education and previous medical license, the debtors should have known that their requirement to attend, as expressed in the notice, meant just what it said. Many less educated *pro se* debtors comply with this notice, despite the fact that they may not have had the benefit of two previous Chapter 13 filings, as these debtors had.

13. Indeed, even in this fourth Chapter 13 case filed by the debtors, no payments

were made as required by 11 U.S.C. § 1326(a)(1) until the court admonished the debtor at the December hearing with respect to Alliance's motion that the debtors had better commence making payments if they really desired to proceed with a Chapter 13 case. An adjournment was granted to the debtors so that they might retain counsel to defend the Alliance motion.

14. There is no question that the debtors deliberately chose not to attend the § 341(a) meeting. Their decision was not due to any inadvertence or failure to remember the scheduled date. Their explanation that they believed that they had no duty to appear in court until their confirmation hearing is preposterous, especially since they made no payments in that case. Indeed, they made no payments in the instant case until after the court directed Mr. Pappalardo to make plan payments at the original return date of Alliance's motion to annul the automatic stay. A confirmation hearing is meaningless if the debtors make no payments under the proposed plan as required by 11 U.S.C. § 1326(a)(1). The language in the notice received by the debtors was clear; their attendance at the § 341(a) meeting was expressly directed for the purpose of being examined. Thus, the debtors had no intention of attending the § 341(a) examination scheduled in the court notice which they received in the third Chapter 13 case. Therefore, their failure to appear for the examination was willful, notwithstanding that a conclusion by the debtors that they were only required to appear at a confirmation hearing might charitably be described as erroneous.

## DISCUSSION

■ Successive Chapter 13 bankruptcy filings by the same debtor, without any additional facts, will not constitute a bad faith manipulation of the Bankruptcy Code. *Downey Savings and Loan Association v. Metz (In re Metz)*, 820 F.2d 1495 (9th Cir. 1987); *Johnson v. Vanguard Holding Corporation (In re Johnson)*, 708 F.2d 865 (2d Cir.1983). However, serial filings are barred under 11 U.S.C. § 109(g)(1) if the debtor was previously a debtor in a bankruptcy case at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

■ A debtor's failure to attend a § 341(a) meeting in a previous Chapter 13 case which was pending within 180 days of a current Chapter 13 case may not be characterized as a failure "to appear before the court in proper prosecution of the case" because a § 341(a) meeting must be conducted out of the presence of the court so that the debtor's attendance at a § 341(a) meeting is not an appearance before the court. *In re Dodge*, 86 B.R. 535 (Bankr.E.D.Ohio 1988); *In re Arena*, 81 B.R. 851 (Bankr.E.D.Pa.1988). Nonetheless, the notice issued by the court states that "It is Ordered and Notice is Hereby Given" as to the time and place for the § 341(a) meeting and that "The debtor shall appear in person at that time and place for the purpose of being examined." If the debtor fails to appear at the § 341(a) meeting as ordered, the estate and its creditors will be hindered and the bankruptcy process will be frustrated. Hence, a debtor's failure to attend a § 341(a) meeting without justification amounts to a failure to abide by an order of the court. *In re Dodge*, 86 B.R. at 537; *In re Arena*, 81 B.R. at 855. In order for 11 U.S.C. § 109(g)(1) to apply, such failure to abide by the court must be "willful". *In re Dodge*, 86 B.R. at 537.

■ The term "willful" as used within the meaning of 11 U.S.C. § 109(g)(1) means deliberate or intentional rather than accidental or beyond the debtor's control. *In re Bono*, 70 B.R. 339, 342 (Bankr.E.D.N.Y. 1987); *In re Correa*, 58 B.R. 88, 90 (Bankr. N.D.Ill.1986). If the debtor failed to appear at the § 341(a) meeting because he did not receive notice due to the fact his mail was intercepted, such failure to attend would not be willful. *See In re Lewis*, 67 B.R. 274 (Bankr.E.D.Tenn.1986). If a debtor's cocaine addiction confronted him with circumstances beyond his control, his failure to attend a § 341(a) meeting might not

be considered willful. *See In re Correa*, 58 B.R. at 90. Further, if a debtor wrote down the wrong date, his conduct could be considered negligent, but not deliberate or intentional. *See In re Fulton*, 52 B.R. 627 (Bankr.D.Utah 1985).

In the instant case, the debtors chose to interpret the court notice to mean that they only had to appear at the confirmation hearing. They were, to say the least, recklessly indifferent to the clear statement that "The debtor shall appear in person at that time [June 20, 1989, at 2:00 P.M.] and place [United States Bankruptcy Court, Southern District of New York] for the purpose of being examined" the debtors chose to wait for the confirmation hearing before they would appear in that case. They also refrained from making any payments under their proposed plan. Additionally, they received notice of the Chapter 13 trustee's motions for dismissal of their case for failing to attend the § 341(a) hearing and for failing to make any payments or to show any good faith intent to prosecute their Chapter 13 case. They failed to appear on the return date of the trustee's motion, with the result that the case was dismissed by the courts. It was only after the movant, Alliance, rescheduled its mortgage foreclosure sale that they filed this fourth Chapter 13 case, 24 minutes before the scheduled sale, which was conducted by Alliance without any prior notice of the filing of this fourth Chapter 13 case.

In light of the facts in this case, it is clear that the debtor's willfully failed to abide by an order of this court and deliberately, or with reckless indifference, failed to attend the § 341(a) meeting which was scheduled in their previous Chapter 13 case. Because such previous Chapter 13 case was dismissed by the court within 180 days of their commencement of this case, the debtors are disqualified from being debtors in this case within the meaning of 11 U.S.C. § 109(g)(1).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The Alliance motion to annul the automatic stay imposed under 11 U.S.C. § 362 so as to validate the foreclosure sale is granted because the debtors were disqualified from commencing their Chapter 13 case on October 19, 1989, as proscribed under 11 U.S.C. § 109(g)(1).

3. The previous Chapter 13 case which the debtors commenced with this court on April 26, 1989 was dismissed by this court by order entered on August 11, 1989, as a result of the Chapter 13 trustee's motion. Among the grounds for dismissal was the debtors' willful failure to abide by this court's order which directed the debtors to appear in person at the scheduled § 341(a) meeting for the purpose of being examined.

4. The debtors were disqualified by 11 U.S.C. § 109(g)(1) from commencing this Chapter 13 case on October 19, 1989, because their previous Chapter 13 case was dismissed by the court within 180 days of their commencement of this case. The grounds for such dismissal included the fact that the debtors willfully failed to abide by this court's order in that they willfully failed to appear in person at the scheduled § 341(a) meeting of creditors.

5. The Chapter 13 petition which the debtors filed with this court on October 19, 1989 shall be dismissed.

SETTLE ORDER on notice.