**In re August Joseph BASILE and Betty Kathryn Basile, Debtors.**

**Bankruptcy No. 92–01966.**

United States Bankruptcy Court, D. Idaho.

July 16, 1992.

Jon N. Wyman, Wyman & Wyman, Boise, Idaho, for debtors.

Louis Uranga, Uranga, Uranga & Bieter, Boise, Idaho, for First Interstate Bank.

Thomas R. Linville, Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, Idaho, for Key Bank of Idaho.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Key Bank and First Interstate Bank move to dismiss this case, filed by the debtors under the provisions of Chapter 13 of Title 11 U.S.C. but by way of the debtors' motion to convert, the matter is now pending as a chapter 7 proceeding. The basis of the two motions to dismiss is the fact the debtors had previously filed a chapter 13 case which was dismissed within a period of 180 days proceeding this filing

---

due to the debtors' failure to attend the Section 341(a) hearing. The motions are made under the provisions of 11 U.S.C. § 109(g).[1]

A history of the cases is in order.

The first filing was made by the debtors on May 1, 1992. Upon the filing, the Section 341(a) hearing was scheduled by the Clerk of the Court for June 5, 1992 and a copy was sent to the debtors and their attorney. On May 8, First Interstate Bank moved for stay relief and a hearing was scheduled for May 28, 1992. On May 27, 1992, the debtors filed their schedules and plan and on the next day, May 28, the First Interstate motion for stay relief was set for final hearing in conjunction with confirmation hearing on June 24, 1992.

On June 5, the scheduled date for Section 341(a) hearing, the defendants failed to appear as did their attorney. A motion to reset the Section 341(a) hearing was made by the debtors on June 10, 1992, denied by the U.S. Trustee on the same day, and on June 11, 1992 the case was ordered dismissed on motion of the U.S. Trustee.

■ The present case was initiated on June 17, 1992 by the debtors' filing another chapter 13 petition. On June 26, 1992 the motion of First Interstate to dismiss under the provisions of 11 U.S.C. § 109(g) was filed, followed by a like motion on behalf of Key Bank on June 30, 1992. On July 9, 1992, the debtors filed their motion to convert to chapter 7.

The debtors defend against the dismissal motion by alleging there has been no showing of willfulness on their part in failing to appear for the Section 341(a) hearing in Case No. 92–01437 on June 5, 1992.

There has been no showing by the debtors their failure to appear at the scheduled Section 341(a) hearing was not willful. In argument, the debtors' counsel refers to an affidavit contained in the prior case in support of the motion to reschedule the Section 341(a) hearing. The affidavit alleges debt-

ors' counsel failed to appear because of confusion in his office court appearance schedules, and the assertion the debtors failed to appear because they had been in court on May 28, 1992 concerning the First Interstate motion for stay relief. However, such offerings of facts are insufficient in the present case to show the failure to appear was not a willful act.

■ For the debtors to escape the provisions of Section 109(g) by a showing of lack of willfulness on their part to commit the offending act, the debtors must appear and show such lack of willfulness, subject to cross-examination by the moving parties. The excuse is not unlike a motion under F.R.C.P. 60(b)(1) as it is incumbent upon the party seeking the benefits of such a motion to show the excusable neglect necessary to vitiate the previous court order from which relief is sought.

The present record in the instant case contains no justification for the defendants failure to appear at the Section 341(a) hearing in the proceeding case and thus the motions to dismiss will be granted.

A separate order will be entered.

**1.** 11 U.S.C. § 109(g)(1) provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or