**In re Ronald Arthur YENSEN, fdba Dirty Shame Saloon, fdba C & R Logging, Debtor.**

**Bankruptcy No. 95–00466.**

United States Bankruptcy Court, D. Idaho.

July 17, 1995.

---

John H. Krommenhoek, Trustee, Boise, ID.

Randal J. French, Boise, ID, for Debtor.

## SUMMARY ORDER

ALFRED C. HAGAN, Bankruptcy Judge.

Presently before the Court is the Chapter 13 Trustee's motion to dismiss.

The debtor, Ronald Arthur Yensen's previous Chapter 13 proceeding[1] was dismissed in February of 1995 for failure to attend the § 341 meeting of creditors. The debtor testified at the hearing held July 10, 1995 that he deliberately chose not to attend because he was afraid he would be arrested at the meeting on state criminal charges. The debtor filed the petition is the present case on February 23, 1995.

### DISCUSSION

Code section 109(g)(1) provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

. . . .

11 U.S.C. § 109(g)(1).

 Failure to attend a section 341 meeting is "failure to abide by a court order" within the meaning of § 109(g). *In re Basile,* 142 B.R. 931, 932 (Bankr.D.Idaho 1992); *In re Armwood,* 175 B.R. 779 (Bankr.N.D.Ga. 1994); *In re Pappalardo,* 109 B.R. 622, 625 (Bankr.S.D.N.Y.1990). The burden of proof is on the debtor to show the failure to abide by a court order was not "willful." *In re Huerta,* 137 B.R. 356, 375 (Bankr.C.D.Cal. 1992).

The term "willful" as used within the meaning of 11 U.S.C. § 109(g)(1) means deliberate or intentional rather than accidental or beyond the debtor's control.

*In re Pappalardo,* 109 B.R. at 625. *See also In re Basile,* 142 B.R. at 932 (absent opportunity to cross-examine the debtors the debtors' affidavit explaining that they failed to attend the 341 meeting because they were confused about the time of the meeting was insufficient to prove the debtors' failure was not "willful").

 Here the debtor's only excuse for his failure to attend the hearing is that he was afraid he might be lawfully arrested. If the debtor had been arrested before the meeting,

---

1. *In re Yensen,* 94–03151.

that would have been a circumstance beyond the debtor's control. However, fear (even legitimate fear) of arrest is not valid excuse for failure to abide by court orders. Accordingly, the Court concludes the debtor's failure to attend the hearing was "willful". Therefore, the debtor is not eligible for relief under title 11.

Accordingly, it is hereby,

ORDERED:

The trustee's motion to dismiss is granted and the case is DISMISSED.