**In re Curtis Ray CATRON, Debtor.**

**Bankruptcy No. 91–25827–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

July 15, 1996.

Lawrence H. Glanzer, Pender & Coward, P.C., Virginia Beach, Virginia.

Theodore Tondrowski, Richmond, Virginia.

C. Kent Allison, Allison & Edge, P.C., Virginia Beach, Virginia, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On January 4, 1996, debtor's chapter 7 trustee filed a motion for an order directing debtor Curtis Ray Catron and his bankruptcy counsel, C. Kent Allison, to show cause why they should not be held in contempt for debtor's failure to attend a meeting of creditors on December 28, 1995. Following a hearing on the motion, orders were entered by the court ordering debtor and Allison to appear and show cause on May 3, 1996, why they should not be held in criminal contempt. At the conclusion of the May 3, 1996, the court ruled from the bench that the trustee's motion was denied as to debtor. In regard to Allison, the court took the matter under advisement. Because the court finds that there is a reasonable doubt as to whether Allison acted with the intent necessary for a

finding of criminal contempt, trustee's motion must be denied.[1]

### Findings of Fact

Debtor filed a chapter 11 petition on October 17, 1991. Four years later, on October 17, 1995, debtor filed a motion to convert his case to one under chapter 7. An order converting debtor's case was entered on October 20, 1995, along with an order issued by the Clerk's Office ordering debtor to attend the first meeting of creditors as required by 11 U.S.C. § 341.

The first meeting of creditors was convened on November 16, 1995. Because debtor had not yet filed his conversion schedules, the meeting was continued until December 14, 1995. Both debtor and his bankruptcy counsel, C. Kent Allison, appeared at the December 14, 1995, meeting. At the meeting, debtor furnished the trustee with various documents concerning his financial affairs as had been previously requested. The meeting was then continued until December 28, 1995, in order to allow the trustee and his counsel time to review the documents.

On December 28, 1995, prior to the commencement of the meeting of creditors, Allison, on debtor's behalf, filed a motion to remove the chapter 7 trustee or to disqualify counsel to the chapter 7 trustee. Immediately after filing the motion, Allison attempted to contact several bankruptcy judges in the area in order to request an expedited hearing on debtor's motion. When he was unable to contact an available judge to have the motion heard, Allison served a copy of the motion on counsel to the trustee prior to the start of the meeting and requested a continuance of the meeting until his motion could be heard. Counsel to the trustee refused to continue the meeting. Allison then advised debtor to leave the meeting. Debtor followed Allison's

advice and left the meeting without being examined.

On January 4, 1996, the chapter 7 trustee filed a motion for an order directing debtor and C. Kent Allison to show cause why they should not be held in contempt. The motion alleged that the actions taken by debtor and Allison on December 28, 1995, placed them in both criminal and civil contempt. Despite the filing of the motion requesting an order to show cause, the parties were able to reconvene and complete the meeting of creditors on January 26, 1996.

█ Hearing on the trustee's motion for an order to show cause was held on February 9, 1996. Because the meeting of creditors had been completed prior to the hearing, that part of the trustee's motion requesting an order to show cause why debtor and Allison should not be held in civil contempt was dismissed.[2] At the conclusion of the hearing, the court took the matter under advisement.

On March 27, 1996, the court entered an order requiring C. Kent Allison to appear and show cause on May 3, 1996, why he should not be held in criminal contempt for his role in advising debtor to leave the December 28, 1995, meeting of creditors. An order requiring debtor to appear and show cause was entered on April 17, 1996.

The show cause hearing was held on May 3, 1996. At the conclusion of the hearing, the court dismissed trustee's motion to the extent that it requested the court to find debtor in criminal contempt. As to Allison, the court took the matter under advisement.

### Position of the Parties

Allison does not dispute that he advised debtor to leave the December 28, 1995, meeting of creditors prior to being examined. Allison argues that his intention was not to have debtor evade the examination but that

---

1. Though that part of trustee's motion seeking an order finding debtor in criminal contempt was denied from the bench on May 3, 1996, the court finds that the reasons stated in this opinion for denying the motion as to Allison apply to debtor equally as well.

2. Civil contempt is remedial in nature and is intended to coerce the defendant into doing what

he or she is already obligated to do. *See Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir.1985); *United States v. Hilburn*, 625 F.2d 1177, 1179 n. 1 (5th Cir.1980). Because debtor's first meeting of creditors had been completed prior to the February 9, 1996, hearing, that part of the motion requesting a finding of civil contempt was moot.

he was merely seeking a continuance of the meeting to allow the bankruptcy court an opportunity to rule on his motion to remove the chapter 7 trustee or trustee's counsel.

Debtor's chapter 7 trustee refutes Allison's claim and argues that debtor's counsel willfully disobeyed an order of the court by advising debtor to leave the December 28, 1995, meeting of creditors. The trustee argues that Allison's filing of the motion to remove the trustee was merely a ploy to give debtor time to formulate a story to cover up a questionable sale of assets debtor had made to a friend of his. The trustee asserts that both debtor and Allison knew that once the trustee had a chance to review the documents provided by debtor at the December 14, 1996, meeting of creditors, the trustee would be suspicious concerning the circumstances of the sale and would demand an explanation from debtor. Being that December 28, 1995, was only two weeks away, debtor and Allison needed more time to develop a story to explain the transaction. Hence, debtor's motion to remove trustee or disqualify his counsel.

### Discussion and Conclusions of Law

■ The power of a federal court to hold an individual in criminal contempt for violating a court order is found in § 401(3) of Title 18 which states, "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule decree, or command." 18 U.S.C. § 401(3). Federal courts are granted this authority in order to vindicate the power of the court if an order is not obeyed. *See In re Palumbo Family Ltd. Partnership,* 182 B.R. 447, 477 (Bankr. E.D.Va.1995).

■ The elements of criminal contempt under § 401(3) are: (1) a clear and specific order of the court, and (2) a willful violation of that order. *See In re Holloway,* 995 F.2d 1080, 1082 (D.C.Cir.1993), *cert. denied,* ——— U.S. ———, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994); *United States v. KS & W Offshore Eng'g, Inc.,* 932 F.2d 906, 909 (11th Cir.1991);

*In re Downing,* 195 B.R. 870, 875 (Bankr. D.Md.1996).

The "Order to Debtor" issued by the Clerk's Office on October 20, 1995, states in relevant part:

You have received or will receive soon a notice of meeting of creditors. You shall personally appear on the date and time set forth in the notice and submit to examination as to the conduct of your affairs, your property and all other matters which may affect the settlement of your estate. If necessary, you may be ordered to appear subsequent to the meeting of creditors for further examination.

■ The court finds that the October 20, 1995, order is more than clear as to debtor's responsibility to appear for an examination pursuant to § 341. The fact that the meeting of creditors was continued from time to time is of no consequence. Both debtor and Allison were present at the December 14, 1996, meeting of creditors and both agreed with the trustee's decision to continue the meeting to December 28, 1995.

■ Additionally, the court finds that even though the order requiring a debtor to attend the first meeting of creditors is an administrative order issued by the Clerk's Office, it is nonetheless an order of the court. Thus, a debtor's willful failure to attend the first meeting of creditors can form the basis for a finding of criminal contempt. Support for this reasoning is found by comparing the case law surrounding § 109(g)(1) of the Bankruptcy Code. Section 109(g)(1) is analogous to 18 U.S.C. § 401(3), in that it prohibits an individual from being a debtor in bankruptcy if that individual had a prior bankruptcy case dismissed within the preceding 180 days because of that individual's willful failure to abide by an order of the court. 11 U.S.C. § 109(g)(1). A majority of courts have held that the order requiring a debtor to attend the first meeting of creditors is an "order of the court" for § 109(g)(1) purposes. *See Montgomery v. Ryan (In re Montgomery),* 37 F.3d 413, 414 (8th Cir. 1994) (holding that failure to attend a creditors meeting was a failure to obey a court order); *In re Yensen,* 187 B.R. 676, 677 (Bankr.D.Idaho 1995) (same); *In re Pappa-*

*lardo,* 109 B.R. 622, 625 (Bankr.S.D.N.Y. 1990) (holding that debtor's failure to attend § 341 meeting without justification is failure to abide by order of the court). Therefore, a willful violation of the order requiring debtor to attend the first meeting of creditors which results in the debtor's case being dismissed may render that debtor ineligible to be a debtor in bankruptcy for the 180 days following the dismissal. *See Montgomery,* 37 F.3d at 415; *In re Yensen,* 187 B.R. at 677–78; *In re Pappalardo,* 109 B.R. at 626.

■ Though the October 20, 1995, order may also constitute an order of the court for § 401(3) purposes, the court finds that· Allison did not possess the intent necessary for a finding of criminal contempt when he advised debtor to leave the December 28, 1995, meeting prior to being examined. The intent required for a finding of criminal contempt has been described as criminal, *United States v. McGainey,* 37 F.3d 682, 684 (D.C.Cir. 1994); wrongful, *In re Holloway,* 995 F.2d at 1082; or a willful violation, *KS & W Offshore Engineering, Inc.,* 932 F.2d at 909. The Fourth Circuit requires a finding of criminal intent. *See United States v. Warlick,* 742 F.2d 113, 117 (4th Cir.1984).[3]

At the May 3, 1996, show cause hearing, the trustee presented evidence to indicate that Allison's true motive for advising his client to leave the December 28, 1995, meeting was to avoid having debtor questioned about his role in a sale of his exempt assets to William Hinton. Sale of the exempt assets was approved by court order on May 25, 1995. Following the sale, the proceeds were turned over to Nancy Morrison, debtor's ex wife.

The trustee presented evidence in an effort to prove that the sale of the assets to Hinton was a sham. The trustee's evidence included a cashier's check, purchased by debtor on March 7, 1995, in the amount of $6,000.00 (the price Hinton was to pay for the assets). The check was made payable to Allison &

Edge, P.C., Allison's law firm, who deposited the funds into one of their accounts. The funds were then transferred by Allison & Edge to Morrison. Besides presenting evidence that it was debtor and not Hinton who provided the funds to pay for the assets, the trustee introduced Hinton's deposition testimony which indicated that Hinton was fully aware that debtor would retain possession over many of the assets following the sale and that Hinton had agreed to sell the assets back to debtor after debtor's problems with Morrison had been worked out. Trustee concludes his argument by claiming that Allison knew that the documents produced by debtor at the December 14, 1995, meeting would lead the trustee to discover the fraudulent nature of the sale. Because some explanation needed to be formulated, Allison filed the motion to remove trustee or to disqualify his counsel to bide his time.

Allison does not deny that the sale of assets to Hinton took place, though he denies any wrongdoing on debtor's part. Instead, Allison argues that the circumstances surrounding the sale were unrelated to his filing of the motion to dismiss the trustee or to have his counsel disqualified. Allison's motion sought to remove the trustee based on an alleged conflict of interest of trustee's counsel; namely that trustee's counsel had previously represented a creditor during the chapter 11 phase of debtor's case and had formed a bias against debtor during that representation. This bias led counsel to the trustee to conspire with counsel to Nancy Morrison to act against debtor. As part of the conspiracy, Allison claimed that the conspirators had exchanged information concerning debtor's financial affairs. This information was then used by Morrison against debtor in state court domestic relations proceedings and by counsel to the trustee in his investigation of debtor.

Allison testified on February 9, 1996, that upon filing the motion to remove the trustee, he attempted to contact Bankruptcy Judges

---

3. In *Warlick,* the Fourth Circuit Court of Appeals affirmed the decision of the district court which found an attorney in criminal contempt pursuant to 18 U.S.C. § 401(1). Section 401(1) authorizes a federal court to punish by fine or imprisonment one who misbehaves in the presence of the court or so near to the court as to obstruct the administration of justice. 18 U.S.C. § 401(1). Though different acts may constitute criminal contempt under §§ 401(1) and (3), the court finds the intent requirement the same for both.

Douglas O. Tice, Jr., David H. Adams and Stephen C. St. John to request an expedited hearing on the motion to remove trustee. When he failed to locate an available judge, Allison requested that counsel to the chapter 7 trustee continue the December 28, 1995, meeting of creditors until the motion could be heard.

The burden of proof is on the trustee to prove each element of criminal contempt beyond a reasonable doubt. *See United States v. NYNEX Corp.,* 8 F.3d 52, 54 (D.C.Cir.1993). Though the trustee has introduced circumstantial evidence which clearly raises a question as to Allison's motive for advising debtor to leave the December 28, 1995, meeting of creditors, the court does not find this evidence sufficient to prove that Allison acted with the intent necessary for a finding of criminal contempt. Allison testified that he was only acting to protect the interests of his client when he filed the motion to remove the trustee or to disqualify his counsel. The court finds that there is some merit to this claim. Though the court found that counsel to the trustee had not taken any action which warranted his disqualification, the court did recognize that counsel to the trustee had been aggressive and sympathized with many of the concerns raised by Allison. Because the court found that there was some merit to Allison's motion to remove the trustee or to disqualify his counsel, Allison's testimony that he acted to protect his client cannot be totally discounted. As a result, Allison's testimony is sufficient to raise a reasonable doubt that he acted with criminal intent.

In conclusion the court finds that the October 20, 1995, order requiring debtor to attend the first meeting of creditors was clear on its face as to debtor's responsibility to attend the meeting. The court finds, however, that the circumstances surrounding Allison's filing of the motion to remove the trustee or to disqualify his counsel are sufficient to raise a reasonable doubt as to whether Allison acted with criminal intent when he advised debtor to leave the December 28, 1995, meeting of creditors prior to being examined. Accordingly, that part of trustee's motion requesting an order that Allison be found in criminal contempt must be denied.

A separate order will be entered.