**In re Allison Marie JORDAN, Debtor.**

**Tom Smith, Trustee, Plaintiff,**

v.

**Allison Marie Jordan, Defendant.**

**Bankruptcy No. 05–70093–A.
Adversary No. 06–7035.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 13, 2006.

652

Leonard D. Levine, Childress, Flax, Levine, P.C., Virginia Beach, VA, for Debtor.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 trustee's Complaint to Revoke the Debtor's Discharge pursuant to 11 U.S.C. § 727(d)(3). The Complaint is based on the debtor's failure to obey a Court order directing that she cooperate with the trustee in the administration of the case. The trustee alleges that the debtor refinanced her home without approval of the Court, thereby eliminating any non-exempt exposed equity in the property and preventing the trustee from using said equity for the benefit of the bankruptcy estate. The debtor admits she refinanced her home, but states it was after she received her discharge and was therefore not in violation of the Court order. She further argues that the trustee never objected to her valuation of her house or her liquidation analysis and made no claim to the equity in the debtor's home. The Court must decide whether its Order directing the debtor to cooperate

with the trustee was in effect after the debtor received her discharge and, if so, whether the debtor failed to cooperate with the trustee. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The facts in this case are not in dispute. On January 7, 2005, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On January 13, 2005, an Administrative Order was entered and sent to the debtor, which states, *inter alia,* that the debtor will preserve estate property and cooperate with the trustee.[1] The § 341 Meeting of Creditors was held on February 17, 2005. On June 24, 2005, the trustee requested that the Clerk of Court send out a notice to all creditors that there may be assets available for distribution in the case and on that same day the debtor received her discharge.

On November 28, 2005, the trustee filed a Motion to Sell Debtor's Real Property,

1. This Order is generated by the Clerk's Office of the Bankruptcy Court and is sent to every debtor. The full language of the Order reads:

An order for relief having been entered herein pursuant to Title 11 U.S.C. Chapter 7 upon a petition filed by you in the United States Bankruptcy Court;

It is ORDERED that,

You shall safely care for, protect and preserve all of your property.

You shall not sell, transfer, remove, destroy, mutilate or conceal any of your property, and you shall make all or any part thereof available to the trustee, when requested to do so.

You shall not turn over any of your property to any creditor or party in interest without the bankruptcy Trustee's knowledge and consent, unless so ordered by the United States Bankruptcy Court.

You shall preserve all recorded information, including books, documents, records and papers, from which your financial condition or business transactions might be ascertained and make the same available to the United States Bankruptcy Court and/ or the Trustee when requested to do so.

You shall cooperate with the Trustee as is necessary to enable the Trustee to perform the Trustee's duties as required by law. You shall make available and turn over to the Trustee any property that you acquire or become entitled to acquire within 180 days after the date of the filing of your bankruptcy petition, if such property or your rights to acquire such property is:

(A) By bequest, devise or inheritance; or

(B) By the terms or provisions of a property settlement agreement with your spouse, or by any divorce decree; or

(C) As a beneficiary of a life insurance policy or of a death benefit plan.

You shall personally appear at a meeting of creditors on the date and time and at the place set by the U.S. Trustee as set forth in a notice which you have or will soon receive. That meeting may be adjourned and subsequently reconvened by the Trustee and, if so, you shall appear on the date and time scheduled.

At the Trustee's request, you shall make all reasonable efforts to provide the Trustee with your homestead deed, if any, and any and all deeds to real property, as well as documentation evidencing the liens on all of your encumbered assets and any other documentation requested by the Trustee. You shall promptly file any and all necessary amendments, modifications or clarifications to any schedules or statements as requested by the Trustee.

Before your case is closed, you shall immediately advise the Court and the Trustee, in writing, of any change of your address. You are advised that it is your responsibility to review any returned mail which needs a corrected address.

You shall obey all orders of the United States Bankruptcy Court and your responsibility for doing so does not cease even after a discharge is granted. The discharge does not conclude your bankruptcy case. A discharge may be revoked, for cause.

Administrative Order to Debtor, Jan. 13, 2005.

which sale would produce approximately $5,000 for distribution to the creditors after taking into consideration the debtor's homestead exemption and payment of the first and second mortgages, a judgment lien and the trustee's commission. The debtor responded to the motion on December 15, 2005, stating that subsequent to receiving her discharge she refinanced her home and that the new mortgage of $231,000.00 surpassed the offer of purchase previously submitted to the trustee in the amount of $227,000.00. At the hearing on the Motion to Sell held February 14, 2006, the trustee withdrew the motion as a result of the debtor's refinancing.

On February 28, 2006, the trustee filed the instant adversary proceeding to revoke the debtor's discharge based upon her refinancing of her home, an action he believed to violate the January 13, 2005 order.

On April 25, 2006, the Initial Pre-trial Conference was held and both parties stated there were no facts in dispute and wished to proceed by the submission of simultaneous briefs.

## ARGUMENTS

The trustee argues that the debtor had no right to refinance her home, thereby eliminating the non-exempt, exposed equity in the property, as the home was still property of the estate despite the fact that she had received her discharge. He argues that he had not abandoned the property and that the debtor failed to obtain the necessary permission of the Court to refinance the property. The trustee argues that the debtor violated an order of the Court forbidding such action and should therefore have her discharge revoked.

The debtor argues that upon her discharge she believed that the trustee no longer had any rights to her home and thought she was free to deal with the

property as she thought proper. Similarly, she denies that she was required to seek approval of the Court before refinancing her existing loan since she had received her discharge. Finally, the debtor argues that no provision of the January 13, 2005 order precludes her from refinancing her home, therefore she did not disobey a Court order and should retain her discharge.

## CONCLUSIONS OF LAW

■ Upon commencement of a bankruptcy case all of the debtor's property becomes property of the estate. *See* 11 U.S.C. § 541(a) (2005). In a Chapter 7 case, the estate property, unless exempt, remains in the estate until it is administered or abandoned by the trustee. *See* 11 U.S.C. §§ 522 (exemptions), 554 (abandonment) and 726 (distribution). Because the issue at hand is abandonment, the other two issues will not be addressed.

### A. *Abandonment*

■ Abandonment "'constitutes a waiver of a trustee's interest'" in estate property. *Guttman v. CitiCapital Commercial Corp. (In re Furley's Transport, Inc.)*, 306 B.R. 514, 522 (D.Md.2002) (quoting *Jones v. Star Bank, South Cent. Ohio*, 142 B.R. 194, 198 (Bankr.S.D.Ohio 1992)). Section 554 of the Code describes when, how and why abandonment occurs; it states:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burden-

some to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title [11 USCS § 521(1)] not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title [11 USCS § 350].

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554 (2005). The Code makes it abundantly clear that there are only three ways in which property of the estate can be abandoned: "i) the trustee can serve a notice of abandonment or obtain an order for abandonment; [ii]) a party in interest can compel the trustee to abandon the [property]; or, i[ii]) the trustee can abandon though inaction and the closing of the case." *Thompson–Mendez v. St. Charles at Olde Court Partnership, LLC, et al. (In re Thompson–Mendez)*, 321 B.R. 814, 818–19 (Bankr.D.Md.2005) (citing *In re Henderson*, 245 B.R. 449, 454 (Bankr. S.D.N.Y.2000)), *see also In re Shelton*, 201 B.R. 147, 154 (Bankr.E.D.Va.1996)(listing the three ways in which property of the estate can be abandoned and holding that the "technical abandonment" found in § 554(c) can be modified or revised by the court under certain circumstances). In the instant case none of these three processes have occurred; no notice of or order for abandonment has been entered on the Court's docket, no party in interest has moved to compel the trustee to abandon the property, and the case remains open meaning that the third process could not have occurred as a matter of law as it only applies to closed cases. Therefore, the Court finds that the trustee did not abandon the real property; the trustee retained his interest in the property for the benefit of the estate and the creditors.

### B. *Order of the Court*

" '[C]ourts speak through their orders,' " *Dixon v. Edwards, et al.*, 290 F.3d 699, 720 (4th Cir.2002) (quoting *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 152 (4th Cir.2000)), and while the order in question in this case was an administrative order, this Court has previously found that "it is nonetheless an order of the court." *In re Catron*, 199 B.R. 11, 14 (Bankr.E.D.Va. 1996) (holding that willful disobedience of an administrative order can be cause to find criminal contempt pursuant to 11 U.S.C. § 109(g)(1)).

■ It appears to the Court that the debtor has unequivocally failed to obey the January 13, 2005 order as she did not preserve the equity in the real property, thereby depriving her creditors of a prorated distribution. Additionally, the debtor was required by the order to turnover any of her property to the trustee when requested to do so, and while she technically could turnover the real property; it was pointless once the available equity was drained. And while the Court does not believe that the debtor was willfully uncooperative with the trustee, the order does not address intent, it simply states that the debtor is to cooperate "to enable the Trustee to perform the Trustee's duties as required by law." By eliminating the non-exempt, exposed equity in the property, the debtor was necessarily uncooperative with the trustee as she made it impossible for him to perform his duties. The trustee's failure to object to the debtor's valuation of her home or her liquidation analysis is not a factor under § 554 and is not considered by the Court; we are bound by the Code.

Similarly, the debtor's argument that her discharge alleviated her responsibilities as a debtor fails miserably as the order is quite specific that it does not. The Order states, "You shall obey all orders of the United States Bankruptcy Court and your responsibility for doing so does not cease even after a discharge is granted. The discharge does not conclude your bankruptcy case. A discharge may be revoked, for cause." The debtor was clearly on notice that her case and her responsibilities did not end with the granting of her discharge and that, should she behave inappropriately, her discharge could be revoked. The debtor in this case is represented by counsel and if she did not understand the order or if she was unsure what behavior might constitute "cause" for revoking her discharge, she could have consulted with her attorney for clarification. The Court places absolutely no value on this defense.

### C. *Revocation of Discharge*

■ Section 727(d)(3) of the Bankruptcy Code states that a debtor's discharge can be revoked if the debtor commits any of the acts enumerated in § 727(a). 11 U.S.C. 727(d)(3). Among the acts listed in § 727(a) is the debtor's refusal "in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The debtor argues that she did not *refuse* to cooperate with the trustee, but rather refinanced her mortgage only after the trustee had been silent on the issue of her real property for many months. As stated above, however, intent is a non-issue in this instance. The debtor's actions are tantamount to a refusal as they deprived the trustee of the opportunity to use equity in an estate asset to pay the debtor's creditors.

Because the debtor disobeyed the Court's January 13, 2005 order, with the ultimate result of depriving her creditors of the benefit of a distribution of the equity in her real property, the Court finds for the trustee and revokes the debtor's discharge.

### CONCLUSION

For the foregoing reasons, the debtor's discharge is hereby **REVOKED**.

**IT IS SO ORDERED.**