NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-11-1482-PaKiRn |
| | ) |
| PAULA MARIE OLIVER, | ) Bankr. No. 11-13132-MT |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| PAULA MARIE OLIVER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| UNITED STATES TRUSTEE,[2] | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Submitted Without Oral Argument
on September 20, 2012[3]

Filed - October 23, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen Tighe, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Paula Marie Oliver pro se on brief.

_____

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value.  See 9th Cir. BAP Rule 8013-1.

[2]  Although named as an appellee by appellant, the U.S. Trustee did not appear in the bankruptcy court or in this appeal.

[3]  Although the Panel advised appellant that oral argument would not be held unless she requested it, appellant, in a letter on June 5, 2012, made a request for argument.  Despite this, appellant did not appear at the scheduled argument.

-1-

Before: PAPPAS, KIRSCHER and RENN,[4] Bankruptcy Judges.

Appellant Paula Marie Oliver ("Debtor") appeals the order of the bankruptcy court dismissing her chapter 13[5] bankruptcy case. We AFFIRM.

## FACTS[6]

This appeal arises out of a chapter 13 case commenced by Debtor on March 14, 2011. Bankr. Case No. 11-13132. However, on January 5, 2010, she had filed an earlier chapter 13 petition, Bankr. Case No. 10-10098 (the "First Bankruptcy"). In the Schedule A filed in the First Bankruptcy, Debtor claimed to be the owner of property in Tarzana, California (the "Property"). The First Bankruptcy was dismissed on February 15, 2010, for Debtor's failure to make required plan payments. Debtor did not appeal that dismissal.

On April 15, 2010, the Property was sold at a foreclosure sale to Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA11 Mortgage Pass-through Certificates, Series 2006-OA11 ("BONY"). A trustee's deed upon sale conveying title to the Property to BONY was recorded on

---

[4] The Honorable Thomas M. Renn, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[5] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[6] Debtor is a pro se appellant who provided few excerpts of record and whose brief is difficult to understand. We have exercised our discretion to consult the bankruptcy court's docket in Debtor's bankruptcy case to assist us in ascertaining the relevant facts. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 958 (9th Cir. 1989).

-2-

April 26, 2010, in the Official Records of Los Angeles County.

BONY commenced an unlawful detainer action against Debtor and others on August 17, 2010, seeking, among other things, Debtor's eviction from the Property. Bank of New York v. Oliver, et al., Case no. 10B05053 (Superior Court, Los Angeles County, August 17, 2010) (the "State Court Proceedings").

As noted above, Debtor filed the chapter 13 petition initiating the bankruptcy case in this appeal on March 14, 2011 (the "Bankruptcy on Appeal"). Bankr. Case No. 11-13132. Again, on her Schedule A she claimed ownership of the Property. Debtor filed a chapter 13 plan on March 29, 2011, in which she proposed to make sixty payments of $3,000 per month.

BONY objected to confirmation of the plan on April 19, 2011, and moved to dismiss the bankruptcy case, because Debtor no longer owned the Property.

There were a number of deficiencies in Debtor's bankruptcy petition and schedules and, on April 26, 2011, the bankruptcy court set a hearing for May 5, 2011, to allow Debtor to explain her position.

In addition, the original § 341(a) meeting of creditors in this case was scheduled to occur on April 20, 2011 (the "First § 341(a) Meeting"). On April 22, 2011, Debtor wrote a letter to the bankruptcy court stating that she was unaware of the creditors' meeting date and requesting that the § 341(a) meeting be rescheduled. Following the hearing on May 5, 2011, the court granted Debtor's request and rescheduled the § 341(a) meeting for June 15, 2011 (the "Second § 341(a) Meeting").

Despite having rescheduled it, on May 12, 2011, the

-3-

bankruptcy court improvidently entered an order dismissing the case for Debtor's failure to attend the First § 341(a) Meeting. Debtor moved to vacate the dismissal. The bankruptcy court vacated the dismissal by order entered June 7, 2011, and again reset the § 341(a) meeting, this time for July 13, 2011 (the "Third § 341(a) Meeting").

On June 29, 2011, the bankruptcy court again improvidently entered an order dismissing the case for Debtor's failure to attend the Second § 341(a) Meeting. The clerk closed the case on June 30, 2011. Later that same day the bankruptcy court set aside the clerk's order and reopened the case for further administration. On July 7, 2011, the clerk issued a Notice Vacating the Dismissal Order and once again reset the § 341(a) meeting for July 27, 2011 (the "Fourth § 341(a) Meeting"). The docket reflects that Debtor was notified of the date for the Fourth § 341(a) Meeting by mail on July 8, 2011.

According to a letter sent by Debtor to the bankruptcy court on August 4, 2011, she had contacted the chapter 13 trustee on July 26, 2011, the day before the scheduled Fourth § 341(a) Meeting, and requested that it be postponed because she had another court appearance on that date. Apparently anticipating dismissal, Debtor prematurely moved to vacate the dismissal.

By order entered August 8, 2011, the bankruptcy court dismissed the bankruptcy case for Debtor's failure to attend the Fourth § 341(a) Meeting and/or failure to make post-petition payments to the chapter 13 trustee. The bankruptcy court denied the premature motion to vacate dismissal on August 12, 2011.

Debtor filed a timely appeal of the dismissal order on

-4-

August 22, 2011.

## Events Subsequent to the Appeal

Although an appellate court does not ordinarily consider events in the bankruptcy court after the appeal is filed, it may do so when "extraordinary circumstances" occur that affect the relief that may be offered. Brown & Cole Stores, LLC v. Associated Grocers, Inc. (In re Brown & Cole Stores, LLC), 375 B.R. 873, 877 (9th Cir. BAP 2007)(quoting Frankfurth v. Cummins (In re Cummins), 20 B.R. 652, 653 (9th Cir. BAP 1982) (taking judicial notice of post-appeal voluntary dismissal of a case)); accord Pakootas v. Teck Cominco Metals, Ltd., 452 F.3d 1066, 1071 (9th Cir. 2006) (taking judicial notice of a settlement agreement reached in a case after the appeal was filed). Because we believe this case presents good cause to do so, the Panel takes judicial notice of the following post-appeal events as shown on the docket of the bankruptcy court.

Even though the dismissal order was not stayed, BONY filed a motion for relief from stay to proceed to evict Debtor on April 13, 2012. The bankruptcy court granted relief from stay to proceed with eviction by order entered May 29, 2012. Debtor did not appeal the May 29 order granting stay relief. Instead, she filed yet a third chapter 13 petition on June 4, 2012. Bankr. Case No. 12-15188 (the "New Bankruptcy"). BONY again moved for relief from stay. The court granted the stay relief motion on August 8, 2012, and, further, granted authority to the sheriff or marshal to carry out an eviction regardless of any future bankruptcy filing by Debtor for 180 days. Debtor's motion to vacate the order on August 10, 2012, was denied by the court the

-5-

same day. The time to appeal the relief from stay and reconsideration/vacatur has expired. There is no indication in the docket of the New Bankruptcy that Debtor attended the § 341(a) meeting or made any payments to the trustee, although it remains open at this time.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in dismissing Debtor's bankruptcy case for failure to attend the § 341(a) meeting of creditors and/or to make payments to the chapter 13 trustee.

**STANDARD OF REVIEW**

The bankruptcy court's decision to dismiss a chapter 13 case is reviewed for abuse of discretion. Ellsworth v. Lifescape Med. Assocs., PC (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

**DISCUSSION**

Debtor presumably sought relief in this appeal so that she may reorganize her debts, prevent eviction from her home and prevent wage garnishment. But as discussed above, events during the pendency of this appeal render the Panel's ability to grant Debtor that relief unnecessary or futile.

Debtor's New Bankruptcy remains open. If possible, she may propose to reorganize her debts in that case. Debtor has also had a full and fair opportunity in the New Bankruptcy to prevent eviction from her home. The bankruptcy court in the New

-6-

Bankruptcy granted relief to BONY to proceed with Debtor's eviction, and prohibited Debtor from interfering with that eviction for 180 days. Debtor did not appeal that final order.

Although, in theory, the Panel might overturn the bankruptcy court's dismissal of the Bankruptcy on Appeal, clearly, the relief Debtor seeks in the Bankruptcy on Appeal, because of subsequent events, is now of no consequence. However, while we could possibly dismiss this appeal as moot, we elect instead to dispose of this appeal on the merits.

Debtor objects to the dismissal of the Bankruptcy on Appeal based on the numerous clerical errors made in the bankruptcy court. Although it is clear that the first two dismissals of the case were improvident, they were properly and promptly corrected by the bankruptcy court. However, there were no clerical errors made in connection with the order dismissing the bankruptcy case for a third time on August 8, 2011, the order that is the subject of this appeal. The bankruptcy court did not abuse its discretion in entering that dismissal.

The August 8 dismissal was entered because Debtor had not attended the Fourth § 341(a) Meeting and/or had not made the payments to the chapter 13 trustee required by § 1326(a)(1). Because we conclude that the bankruptcy court did not abuse its discretion in dismissing the bankruptcy case for failure to attend the Fourth § 341(a) Meeting, we do not reach the question whether the court should have dismissed the case for failure to make the

-7-

payments required by § 1326(a)(1).[7]

A chapter 13 debtor "must appear and submit to examination under oath at a meeting of creditors under section 341(a) of this title." § 343. A bankruptcy court may dismiss a petition for the unexcused failure by the debtor to attend the § 341(a) meeting of creditors. Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 1030 (9th Cir. 1994); In re Burgos, 476 B.R. 107, 113 (Bankr. S.D.N.Y., 2012) (chapter 13 debtor's unexcused failure to attend § 341(a) meeting is grounds for dismissal); In re Yensen, 187 B.R. 676, 677-78 (Bankr. D. Idaho 1995) (chapter 13 debtor's willful failure to attend § 341(a) meeting was grounds for dismissal).

Debtor missed the First § 341(a) Meeting on April 20, 2011. Two days later, she requested that the bankruptcy court reschedule the meeting which, after a hearing on May 5, 2011, the court reset for June 15, 2011. The Second § 341(a) Meeting and Third § 341(a) Meeting were cancelled as a result of the clerical errors discussed above. However, on July 8, 2011, Debtor was notified of the new date for the Fourth § 341(a) Meeting. She apparently waited until the day before the scheduled hearing to request the chapter 13 trustee to reschedule that meeting because of a conflict with other court proceedings. The trustee's office declined to do so and directed Debtor to attend the meeting.

---

[7] Because of an inadequate record, we are unable to determine if a party in interest had moved for dismissal and if Debtor had notice of possible dismissal for failure to make the payments, which are requirements for dismissal under § 1307(c)(4) ("failure to commence making timely payments under section 1326 of this title"). However, there are adequate grounds for dismissal for failure to attend the Fourth § 341(a) Meeting. We may affirm the bankruptcy court on any basis supported in the record. United States v. Hemmen, 51 F.3d 883, 891 (9th Cir. 1995); Leavitt v. Soto (In re Leavitt), 209 B.R. 935, 940 (9th Cir. BAP 1997).

Debtor elected not to attend the § 341(a) meeting and waited until August 4, 2011, to explain to the bankruptcy court the reasons for her absence. Under the facts of this case, the bankruptcy court's denial of Debtor's request for yet another § 341(a) meeting and dismissal of her bankruptcy case, in part for failure to attend the Fourth § 341(a) Meeting, was not an abuse of discretion.

Debtor's sole defense to the dismissal for failing to attend the Fourth § 341(a) Meeting was that she was not given a hearing before the bankruptcy court so she could explain her actions. However, Debtor was notified at the beginning of the case of the consequences of failing to attend the § 341(a) meeting. In particular, the Notice of Chapter 13 Bankruptcy Case Meeting to Creditors & Deadlines sent to Debtor on March 13, 2011, cautioned that:

> Appearance by debtor(s) and the attorney for the debtor(s) is required at both the Section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case.

Despite this notice, Debtor failed to attend the First § 341(a) Meeting. Even so, Debtor was given an opportunity at the May 5, 2011, hearing to explain her failure to attend the First Meeting, and the court in the exercise of its discretion granted her a new hearing date for the creditors' meeting. The subsequent clerical errors in dismissing the case and resetting the hearing dates were regrettable, but should have impressed on Debtor the importance of attending the § 341(a) meeting and that dismissal would follow for failure to attend. She was notified of the Fourth § 341(a) Meeting date in sufficient time to ask to continue it, but delayed

contacting the chapter 13 trustee until the day before the meeting. Debtor did not attend the meeting in direct violation of instructions to do so, and then delayed reporting her unexcused absence to the bankruptcy court for another week. Debtor explained her reasons for the absence in a letter to the bankruptcy court anticipating that her case would be dismissed, but the court apparently found those reasons unpersuasive. Under these facts and circumstances, we do not see how she was prejudiced by the lack of a hearing on dismissal.

Simply put, the bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 13 case for her failure to attend the Fourth § 341(a) Meeting.

**CONCLUSION**

We AFFIRM the order of the bankruptcy court dismissing the Bankruptcy on Appeal.